NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MINGSHU LI,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   15-70729<br><br>Agency No. A087-886-458<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2021 [**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Mingshu Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

An IJ who seeks corroborative evidence "must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011). Li was represented by counsel and there were multiple hearings over the course of more than a year at which the IJ requested corroborative evidence and Li had opportunities to provide it or explain why she could not. In that context, the agency did not err in faulting Li for the lack of corroborating evidence. *See id.* at 1094 ("Although it would be desirable for an IJ to ask whether there is a reason that an applicant fails to provide the corroborative evidence that he has been asked to produce, the continuance and the hearing itself provides an applicant represented by counsel with the statutorily required opportunity.").

In the absence of corroborative evidence, the record does not compel the conclusion that Li established her eligibility for asylum or withholding of removal. *See id.* at 1094 & n.17. The record also does not compel the conclusion that it is more likely than not Li would be tortured by or with the consent or acquiescence of

the government if returned to China.  *See id.*  Thus, Li's claims for asylum, withholding of removal, and CAT protection fail.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**